# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | Case No. 2:06-cr-00127-KJD-PAL |
| ) vs. ) | **ORDER** |
| ) ERIK GLEMBIN, ) ) Defendant. ) ) | (M/Suppression - #20) (M/Exculpatory Material - #21) (M/Early Disclosure - #22) (M/Discovery and Inspection - #23) |

Before the court are defendant's Motion for Suppression of Statements (#20), Motion for Exculpatory Material (#21), Motion for Early Disclosure of Jencks Material (#22), and Motion for Discovery and Inspection (#23). The court has considered the motions, and the government's consolidated Response (#24).

### I.      Motion for Suppression of Statements (#20)

The defendant seeks an order requiring the prosecutor to inform him of the existence of any confessions or statements or evidence derived from or discovered as a result of confessions or statements obtained from the defendant. The government responds that it stated at the initial appearance in this matter on April 25, 2006 that this case would be governed by a joint discovery statement, that a joint discovery statement was signed on May 12, 2006 by both counsel, and that the United States has sent 140 pages of discovery to counsel for defendant.

The current motion was filed in violation of LCR 16-1(c) which requires the moving party to confer with opposing counsel in a good faith effort to resolve a discovery dispute before filing any motion for discovery. LCR 16-1(c) also requires that counsel for the moving party provide a statement certifying that after personal consultation with counsel for the opposing party, counsel have been unable to resolve the dispute without court action. The current motion also fails to abide by the terms of the

joint discovery statement executed by counsel for the parties. While captioned as a motion for suppression, the motion is clearly a discovery motion attempting to determine prior to trial whether the defendant made any statements. The motion is denied for the defendant's failure to comply with LCR 16-1(c), and his obligations under the joint discovery statement.

**II.     Motion for Exculpatory Material (#21)**

This motion requests an order requiring immediate disclosure of all evidence favorable to the defendant, including witness statements, the identity of witnesses favorable to the defense, and any rough notes which may contain facts favorable to the defense. The United States responds that it understands its obligations under the Local Rules of Practice, the joint discovery statement, and the Supreme Court's decisions in Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and will provide any discovery to the defendant as required. For the reasons set forth above, defendant has failed to comply with LCR 16-1(c) and his obligations under the joint discovery statement, and his motion is, therefore, denied.

**III.    Motion for Early Disclosure of Jencks Material (#22)**

This motion requests an order requiring the government to disclose, not less than 72 hours prior to the trial, all statements and reports within the meaning of the Jencks Act, 18 U.S.C. § 3500. Defendant has failed to comply with LCR 16-1(c), and his obligations under the joint discovery statement. Additionally, the Ninth Circuit has held that the court lacks authority to force the government to produce Jencks Act statements before a witness testifies. United States v. Mills, 641 F.2d 785, 789-90 (9th Cir.), cert. denied, 454 U.S. 902 (1981). An order requiring earlier disclosure is unenforceable. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987). Accordingly, defendant's motion for early disclosure of Jencks material is denied.

**IV.    Motion for Discovery and Inspection (#23)**

Defendant moves the court for an order requiring the government to permit defense counsel to inspect, copy, photograph, or scientifically analyze eight categories of evidence believed to be in the possession, custody, or control of the government. The government responds that the newly-enacted

/ / /

Adam Walsh Child Protection and Safety Act of 2006, effective July 27, 2006, Public Law 109-248 § 504, which amends 18 U.S.C. § 3509, adding a new section (m), specifically provides that in criminal proceedings, child pornography shall remain in the care, custody, and control of the government or the court. The new law requires courts to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. The government indicates its willingness to do so. Again, the defendant has failed to comply with LCR 16-1(c) and his obligations under the joint discovery statement, and with respect to his request to copy, photograph, or duplicate material constituting child pornography, 18 U.S.C. § 3509(m) requires that these materials remain in the care, custody, and control of the government, provided the government makes the materials reasonably available to defense counsel. Accordingly, defendant's motion for discovery and inspection is denied.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE